CHRISTOPHER W. KATZENBACH
(SBN 108006)
Email: ckatzenbach@kkcounsel.com
KATZENBACH LAW OFFICES
912 Lootens Place, 2nd Floor
San Rafael, CA 94901
Telephone: (415) 834-1778
Fax: (415) 834-1842

Attorneys for Plaintiffs AMERICAN AIRLINES
FLOW-THRU PILOTS COALITION and
GREGORY R. CORDES, on behalf of themselves and all
others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AIRLINES FLOW-THRU PILOTS COALITION and GREGORY R. CORDES on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>ALLIED PILOTS ASSOCIATION and AMERICAN AIRLINES, INC,,<br><br>　　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR BREACH OF DUTY OF FAIR REPRESENTATION<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1. **JURISDICTION.** This case arises from a breach of the duty of fair representation in connection with the representation of employees in the airline industry under the Railway Labor Act, 45 U.S.C. 151 et seq., an Act regulating interstate commerce. This Court has jurisdiction of this case under sections 1331 and 1337 of Title 28 of the United States Code.

2. **VENUE.** Venue is appropriate in this judicial district pursuant section 1391(b) of the Title 28 of the United States Code as the union defendant is engaged in the representation of employees within this judicial district and the employer defendant does business within this judicial district.

1

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

3.  **INTRADISTRICT ASSIGNMENT.** Under Civil L.R. 3-2(b), assignment is proper in the San Francisco Headquarters or the Oakland division, as the union is engaged in the representation of employees at the San Francisco Airport.

**PARTIES**

4.  Plaintiff AMERICAN AIRLINES FLOW-THRU PILOTS COALITION (herein "AAFTPC") is an unincorporated association of pilots flying for American Airlines who obtained their positions at American Airlines pursuant to the terms of a multi-party agreement, referred to herein as the "Flow-Through Agreement," between (a) American Airlines, (b) AMR Eagle, Inc., Executive Airlines, Inc., Flagship Airlines, Inc., Simmons Airlines, Inc., and Wings West Airlines, Inc., (jointly referred to herein as "American Eagle"), (c) the Allied Pilots Association (herein "APA") and the Air Line Pilots Association, International (herein "ALPA"). AAFTPC has in excess of 80 members, all of whom a pilots flying for American Airlines who obtained their employment at American Airlines pursuant to the terms of the Flow-Through Agreement. The members of AAFTPC are referred to herein as "Flow-Thru Pilots" or "FTPs." All the Flow-Thru Pilots are represented by the Allied Pilots Association and have suffered discrimination and arbitrary treatment because they are Flow-Thru Pilots, as more fully alleged below. AAFTPC seeks to act as the representative of its members in this action.

5.  Plaintiff GREGORY R. CORDES is a pilot employed by American Airlines who obtained employment at American Airlines pursuant to the terms of the Flow-Through Agreement and is represented by APA and covered by the collective bargaining agreement negotiated by APA with American Airlines and is on the AAL pilot seniority list.

6.  The Flow-Through Agreement was executed on May 5, 1997. At the time the Flow-Through Agreement was executed, and at all times thereafter, American Airlines and American Eagle were corporations that were majority

owned by AMR Corporation (herein "AMR"). At all times alleged in this Complaint, AMR controlled labor relations at American Airlines and American Eagle, including the negotiation of collective bargaining agreements and other agreements pertaining to the wages, hours and terms and conditions of employment of pilots employed by American Airlines and American Eagle.

7. Defendant ALLIED PILOTS ASSOCIATION (herein "APA") is an unincorporated labor organization and a representative of employees within the meaning of section 1 Sixth and section 2 of the Railway Labor Act (45 U.S.C. 151 Sixth), as made applicable to carriers by air by sections 201 and 202 of the Railway Labor Act (45 U.S.C. 181, 182).

8. Defendant AMERICAN AIRLINES, INC. (hereinafter "AAL") is a common carrier by air within the meaning of section 1 Sixth of the Railway Labor Act (45 U.S.C. 151 Sixth), as made applicable to carriers by air by sections 201 and 202 of the Railway Labor Act (45 U.S.C. 181, 182). Among other things, defendant AAL is a party to a collective bargaining agreement with APA and is joined herein, in part, for purposes of permitting the Court to provide full relief for Plaintiffs on their claims.

## CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. The Proposed Class is composed of all air line pilots (a) who are employed by AAL and represented by APA and (b) who obtained their employment at American Airlines pursuant to the terms of the Flow-Through Agreement.

11. The Proposed Class is so numerous that joinder of all its members in a single action is impractical. There are in excess of 400 pilots who are members of the Proposed Class.

12. This action presents questions of fact and law that are common to all members of the Proposed Class.

(a) The Proposed Class is commonly represented by APA pursuant to Certification by the National Mediation Board which designates APA as the exclusive representative of the air line pilots employed by AAL for purposes of collective bargaining under the Railway Labor Act, as amended.

(b) The collective bargaining agreement entered into between APA and AAL affects each member of the Proposed Class. The actions of APA and AAL which form the subject of this action were directed at all members of the Proposed Class and affect their legal rights in the same or a substantially similar manner.

13. The claims of the representative plaintiffs are typical of the claims of the Proposed Class. The individual representative plaintiff is a pilot who obtained employment at American Airlines pursuant to the terms of the Flow-Through Agreement, who is represented by APA and whose terms and conditions of employment are governed by the collective bargaining agreement between APA and AAL. The entity representative AAFTPC is an organization representing the interests of commonly-situated pilots who obtained employment at American Airlines pursuant to the terms of the Flow-Through Agreement, who are represented by APA and whose terms and conditions of employment are governed by the collective bargaining agreement between APA and AAL.

14. The representative plaintiffs will fairly and adequately protect the interests of the Proposed Class. AAFTPC has raised funds to support this action, will monitor this action, and will report to the Proposed Class material events occurring in connection with this action. Plaintiff Cordes is the president of AAFTPC.

15. This action is best maintained as a Class Action because:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

(a) The prosecution of this case as a class action is superior to actions by individuals or groups of individuals because the prosecution of separate actions would create a risk of inconsistent or varying adjudications as to the duty of APA towards the pilots it represents in collective bargaining with AAL.

(b) APA and AAL have acted in concert on grounds generally applicable to the Proposed Class. Declaratory or injunctive relief as to the breach of duty alleged herein would apply to the members of the Proposed Class as a whole.

(c) The common issues as to the breach of duty alleged herein predominate over questions that affect particular individual members of the Proposed Class.

## ALLEGATIONS COMMON TO ALL CLAIMS AND ALL MEMBERS OF THE PROPOSED CLASS

16. Under the terms of the Flow-Through Agreement, FTPs obtained seniority numbers on the AAL pilot seniority list at the time they were offered a position in a new hire training class at AAL. Prior to September 2001, approximately 400 FTPs had obtained AAL seniority numbers, but had been held back at American Eagle and unable to go to the new hire class and begin flying for AAL. For operational needs at American Eagle, FTPs were generally unable to fill positions in new hire training classes when such positions were first offered to them. Instead, FTPs remained at American Eagle for various periods, because of operational needs or other reasons beyond the FTPs' control. In general, all FTPs were initially subject to 18 month or two-year holds from the date of the initial training class offered to them.

17. In 2001 AAL acquired the assets of TransWord Airlines (herein "TWA"). An entity known as TWA-LLC was thereafter established to operate

5

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

TWA's routes. TWA-LLC was a wholly-owned subsidiary of AAL operating under its own certification as an airline carrier. Pilots employed by TWA became employees of TWA-LLC.

18. At some point after April 3, 2002, the TWA-LLC pilots were integrated into to the AAL pilot seniority list and received AAL seniority numbers. Approximately 167 TWA-LLC pilots were integrated into the AAL seniority list interspersed with AAL pilots at a ratio of approximately 1:8. The remaining approximately 1225 TWA-LLC pilots were placed at the bottom of the AAL pilot seniority list (herein referred to as the "TWA-LLC Staplees").

19. At the time the integration of the TWA-LLC pilots into the AAL pilot seniority list, AAL was in the process of furloughing AAL pilots. Between late 2001 and May 2003, AAL placed approximately 1,000 AAL pilots on furlough. In addition to the AAL pilots placed on furlough, the TWA-LLC Staplees were furloughed from TWA-LLC. Prior to being put on furlough, the TWA-LLC Staplees did not perform any work for AAL.

20. Since on or about April 3, 2002, APA has been the collective bargaining representative for pilots at AAL and TWA-LLC for purposes of employment at AAL. The pilots represented by APA for purposes of terms and conditions of employment at AAL include all pilots on the AAL pilot seniority list.

21. Under the terms of the Flow-Through Agreement, AAL pilots on furlough status could displace pilots who were Commuter Jet Captains at American Eagle, with limited exceptions, and thereafter fly for American Eagle while on furlough from AAL. American Eagle Commuter Jet Captains would thereby be displaced from their positions as jet captains.

22. As part of the AAL-TWA merger, APA and AAL initially agreed in November 2001 that the TWA-LLC pilots would not have the ability to flow-down to American Eagle under the Flow-Through Agreement until pilots already on the AAL seniority list before September 2001 were recalled from furlough. However,

6

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

in 2003, AAL and APA revised this agreement to allow the TWA-LLC pilots to flow down to American Eagle under the terms of the Flow-Through Agreement. The 2003 modification of this agreement adversely affected the interests of FTPs with AAL seniority numbers as it allowed TWA-LLC pilots to displace FTPs at American Eagle.

23. Because of economic and other conditions, after September 2001, AAL did not conduct new hire training classes until 2007. AAL began recalling pilots from furlough in January 2007. The first new hire training class conducted by AAL following September 2001 occurred in about June 2007.

24. At all times, the number of TWA-LLC pilots with AAL pilot seniority numbers obtained as part of the AAL-TWA merger has been more than twice the number of FTPs with AAL pilot seniority numbers obtained under the Flow-Through Agreement.

25. APA has regularly and repeatedly acted against the interests of the FTPs as to their terms and conditions of employment at AAL and to advance the interests of other pilot groups as to the terms and conditions of employment at AAL for these other pilot groups over the interests of the FTPs. Among other things,

    (a) APA demanded or agreed with AAL to have the TWA-LLC Staplees called for new-hire classes starting in June 2007 ahead of the FTPs. Approximately 244 TWA-LLC pilots were called for new hire classes from June 2007 through March 2009 ahead of FTPs with AAL pilot seniority numbers.

    (b) APA urged that AAL seniority numbers for FTPs should be forfeited for FTPs who had not begun working for AAL before May 2008.

    (c) APA has agreed with AAL to give pilots Length of Service (herein "LOS") credits for service at airlines other than AAL,

7

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

including TWA, TWA-LLC and US Airways, but has refused to negotiated for or seek LOS credits for FTPs for time spent at American Eagle.  These LOS credits have resulted in increases in these pilots' pay and other benefits at AAL above the pay and benefits for FTPs.  As a result, FTPs with greater AAL pilot seniority are paid less than TWA-LLC pilots with lower AAL seniority and FTPs who have worked longer at AAL are paid less than TWA-LLC pilots who have work less time at AAL.

(d) In connection with the collective bargaining agreement ratified on January 30, 2015, APA agreed with AAL to give two additional years of LOS credit for pilots on furlough because of lack of work at AAL after September 11, 2001.  This agreement gave the TWA-LLC Staplees two additional years of LOS credit while denying any LOS credit for FTPs who had been unable to work at AAL during the post-September 2001 period.

26. Arbitrations conducted pursuant to the Flow-Through Agreement determined (a) TWA-Staplees were to be considered as new-hire pilots rather than furloughed pilots for purposes of new hire classes at AAL starting in June 2007 and (b) AAL and APA violated the Flow-Through Agreement by hiring TWA-Staplees in preference to FTPs for new hire classes starting in 2007.  Because of these violations, 154 FTPs who had not been offered positions in new hire classes and did not have AAL seniority numbers were awarded AAL seniority numbers.  These 154 AAL seniority numbers were in addition to AAL seniority numbers FLPs had previously obtained pursuant to the Flow-Through Agreement.

27. At various time, plaintiffs Cordes and AAFLPC requested that APA take action to seek to rectify or remedy the disparities in pay, LOS credit and other employment conditions at AAL affecting the FTPs.  From May 2013 through

8

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

December 2014, plaintiffs and other FTPs sent at least four letters to the APA's Board of Directors asking for the APA to remedy the pay and benefit disparities adversely impacting the FTPs at AAL, including negotiating for LOS credit for the FTPs as APA had negotiated for other pilots coming to AAL.   APA did not respond to these letters or provide plaintiffs any explanation or justification for the disparities in pay and benefits suffered by the FTPs.

28.   In about 2013, AAL purchased the assets of US Airways.  In connection with that purchase, APA and pilot groups from US Airways are in the process of developing a new AAL pilot seniority list, referred to as an integrated seniority list.  The process of developing a new integrated seniority list is known as "seniority list integration" or "SLI."  The SLI issues as to AAL and US Airways are in the process of being arbitrated.

29.   APA has asserted that it will be representing the interests of the FTPs in connection with the SLI process and related arbitration.

30.   Under longstanding practice in seniority list integration arbitrations in the Air Line industry, longevity of employment is a significant factor for purposes of integrating seniority.

31.   In connection with the SLI process, plaintiffs are informed and believe, and thereon allege, that:  (a) APA has entered into a stipulation that service at regional affiliated airlines (including American Eagle) would not be counted for purposes of longevity in integrating seniority and (b) this stipulation harms the FTPs disproportionally to any other group of pilots on the proposed integrated seniority list, including by benefitting TWA-LLC Staplees who were hired in 2007 in new hire classes ahead of the FTPs.

32.   Plaintiffs have requested a copy of the foregoing stipulation referred to in paragraph 31, but APA has not provided a copy to plaintiffs.

1  33. In connection with the SLI process, on or about June 19, 2015, APA submitted a proposed integrated seniority list that harms the FTPs by depressing and lowering their seniority by:

    (a) Treating pilots who began flying for AAL after 2007 differently than pilots who began flying for AAL earlier by merging AAL pilots who began flying with AAL post-2007 with US Airways pilots who began flying with US Airways after September 2005.

    (b) Putting a group of approximately 755 US Airways pilots ahead of approximately 124 of the FTPs who are the least-senior FTPs on the AAL pilot seniority list and behind the TWA-LLC Staplees. These 124 FTPs consist of the FTPs awarded AAL seniority numbers because of APA's and AAL's agreement to hire TWC-LLC Staplees for new hire classes ahead of the FTPs.

    (c) Putting an additional four (4) to five (5) US Airways pilots between each of the remaining FTPs on the proposed seniority list.

34. No TWA-LLC pilot is adversely affected by the insertions of US Airways pilots alleged in paragraph 33 or the different treatment of pilots based on the date they began flying for AAL.

35. The use of the post-2007 date for differentiating the treatment of pilots, as alleged in paragraph 33(a), is arbitrary and intended to discriminate in favor of TWA-LLC Staplees and against the FTPs. TWA-LLC Staplees were largely hired at AAL in new hire classes before 2008. FTPs were not offered positions in new hire classes until late 2009 and thereafter. This date favors TWA-LLC pilots who arbitrators previously determined were hired for new hire classes in preference to FTPs and in violation of the Flow-Through Agreement.

36. APA has not offered a reasonable or rational reason to select a post-2007 date other than to disfavor and discriminate against FTPs.

    (a) In its materials submitted in connection with the American / US Airways seniority list merger, APA asserted that it was merging post-2007 hires at AAL with certain new hire pilots hired by US Airways after the date the merger of US Airways and America West Airlines was announced.

    (b) The US Airways / America West Airlines merger was announced in 2005. This merger had nothing to do with the AAL/US Airways merger that was announced in 2013.

    (c) Using a post-2007 date for AAL hires has no logical connection with the US Airways and America West Airlines merger announced in 2005 or with US Airways pilots hired after that merger was announced.

    (d) Using a post-2005 date for both AAL and US Airways hiring would have resulted in an adverse effect on the placement of TWA-LLC pilots on the integrated seniority list.

37. AAL has entered into the agreements with APA alleged in paragraphs 22 and 25 knowing and intending that these agreements would adversely affect FTPs and would benefit the TWA-LLC pilots. Once the SLI process is completed, AAL will be bound by and will use the resulting integrated seniority list for purposes of hiring, furlough, pay, benefits and employment opportunities at AAL.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# FIRST CLAIM FOR RELIEF

## (Breach of Duty of Fair Representation (Negotiation and Agreement to Discriminatory LOS Provisions [All Defendants]))

38. Plaintiffs incorporate the allegations in paragraphs 1 through 37 hereof as if fully set forth in this Claim for Relief.

39. APA has had a duty of fair representation towards the FTPs as to their terms and conditions of employment with AAL. This duty arose when FTPs obtained AAL seniority numbers on the AAL pilot seniority list.

40. The duty of fair representation required APA to act in good faith toward the FTPs and to refrain from discrimination and arbitrary conduct towards them.

41. By the acts alleged herein, APA has acted arbitrarily, discriminatorily and in bad faith towards the FTPs, plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class in representing the interests of the FTPs and in negotiating terms and conditions of employment at AAL. APA's arbitrary, discriminatory and bad faith actions include, but are not limited to: (a) representing the interests of TWA-LLC pilots on the AAL pilot seniority list at the expense of and contrary to the interests of FTPs on the AAL seniority list; (b) entering into agreements to give LOS credit to TWA-LLC and other pilot groups, other than FTPs; (c) refusing or failing to respond to questions from FTPs, including plaintiff Cordes, as to APA's negotiation of LOS credits.

42. Plaintiffs are informed and believe, and thereon allege, that APA has discriminated against the FTPs and in favor of the TWA-LLC Staplees because (a) the TWA-LLC pilots are numerically superior to the FTPs and (b) APA did not desire pilots employed at American Eagle to have any rights to flow-up to AAL, but desired only to secure the right for AAL pilots to flow-down to American Eagle.

43. AAL has joined with APA in discriminating against FTPs and in favor of other pilot groups, including the TWA-LLC pilots, by entering into agreements to give LOS credit to TWA-LLC and other pilot groups, other than FTPs, knowing that APA was hostile to the interest of FTPs and that such agreements discriminated against the FTPs and favored other pilot groups, including the TWA-LLC pilots.

44. By reason of the foregoing allegations in this Complaint: (a) APA has breached its duty of fair representation towards the FTPs, plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class and (b) AAL has participated in, enable and agreed to engage in discrimination against the FTPs and the breach of duty of fair representation.

45. Because of the breach of duty of fair representation alleged herein, plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class (a) have suffered damages and will suffer future damages, including lost wages and benefits, arising from the failure of FTPs to receive LOS credits and (b) have accrued and continue to accrue the costs of attorneys' fees incurred in establishing the breaches of duty by APA and attempting to mitigate the harms caused by APA's breach of duty.

46. Monetary damages cannot fully compensate plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class for the losses alleged herein and therefore, in addition to money damages, plaintiffs request: (a) a declaration that APA has breached its duty of fair representation and discriminated against the FTPs, including discrimination in negotiating LOS credits; (b) an injunction directing APA to make up any monetary loss suffered by FTPs in the future arising from APA's breach of duty, including losses arising from the FTPs failure to receive LOS credits.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## SECOND CLAIM FOR RELIEF

**(Breach of Duty of Fair Representation (Seniority List Integration Processs [All Defendants])**

47. Plaintiffs incorporate the allegations in paragraphs 1 through 37 hereof as if fully set forth in this Claim for Relief.

48. APA has had a duty of fair representation towards the FTPs as to their terms and conditions of employment with AAL. This duty arose when FTPs obtained AAL seniority numbers on the AAL pilot seniority list.

49. The duty of fair representation required APA to act in good faith toward the FTPs and to refrain from discrimination and arbitrary conduct towards them.

50. By the acts alleged herein in connection with the SLI process, APA has acted arbitrarily, discriminatorily and in bad faith towards the FTPs, plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class by: (a) stipulating that service at American Eagle will not be counted for purposes of the factor of longevity in the SLI process and failing to provide plaintiffs a copy of the stipulation; (b) proposing placement of FTPs on an integrated seniority list for reasons that are arbitrary; (c) proposing placement of FTPs on an integrated seniority list for the purpose of or with the effect of favoring TWA-LLC Staplees and US Airways pilots over FTPs and reducing the future employment opportunities at AAL for FTPs and enhancing the future employment opportunities at AAL for TWA-LLC Staplees and US Airways pilots.

51. By reason of the foregoing allegations in this Complaint APA has breached its duty of fair representation towards the FTPs, plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class in connection with the SLI process and the proposed seniority integrated seniority list.

52. Because of the breach of duty of fair representation alleged herein, plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class (a) will

14

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

suffer future damages, including reduced employment opportunities, wages and benefits, (b) will have their positions on the AAL pilot seniority list adversely affected and (c) have accrued and continue to accrue the costs of attorneys' fees incurred in establishing the breaches of duty by APA and attempting to mitigate the harms caused by APA's breach of duty.

53. Monetary damages cannot fully compensate plaintiff Cordes, the members of plaintiff AAFTPC and the Proposed Class for the losses alleged herein and therefore, in addition to money damages, plaintiffs request: (a) a declaration that APA has breached its duty of fair representation owed to the FTPs in connection with the SLI process; (b) an injunction directing APA to withdraw from the stipulation that service as American Eagle will not count for purposes of longevity in developing an integrated seniority list; (c) an injunction to make up any monetary loss suffered by FTPs in the future arising from APA's breach of duty affecting the FTPs placement on the integrated seniority list; (d) an injunction prohibiting APA or AAL from using any integrated seniority list arising from the SLI process.

**W H E R E F O R E**, Plaintiffs pray for relief as follows:

1. For an order certifying the action as a class action, appointing plaintiffs as Class Representatives and their counsel as attorneys for the Class;
2. <u>Against Allied Pilots Association</u> (APA):  (a) *On the First Claim for Relief:* (i) damages and future damages arising because the FTPs did not obtain LOS credits, including lost wages and benefits; (ii) attorneys' fees incurred in establishing the breaches of duty by APA and attempting to mitigate the harms caused by APA's breach of duty; (iii) a declaration that APA has breached its duty of fair representation and discriminated against the FTPs, including discrimination in negotiating LOS credits; (iv) an injunction directing APA to make up any monetary loss suffered by FTPs in the future

|   |   |
|---|---|
|   | arising from APA's breach of duty, including losses arising from the FTPs failure to receive LOS credits.   (b) *On the Second Claim for Relief:*  (i) damages for reduced employment opportunities, wages and benefits arising from the adverse effect of the FTPs placement on the integrated seniority list; (ii) attorneys' fees incurred in establishing the breaches of duty by APA and attempting to mitigate the harms caused by APA's breach of duty; (iii) a declaration that APA has breached its duty of fair representation owed to the FTPs in connection with the SLI process; (iv) an injunction directing APA to withdraw from the stipulation that service as American Eagle will not count for purposes of longevity in developing an integrated seniority list; (v) an injunction directing APA to make up any monetary loss suffered by FTPs in the future arising from APA's breach of duty affecting the FTPs placement on the integrated seniority list; and (vi) prohibiting APA from using any integrated seniority list arising from the SLI process. |
| 3. | <u>Against American Airlines, Inc.</u> (AAL): *On the First Claim for Relief:* Damages and future damages arising because the FTPs did not obtain LOS credits.  *On the Second Claim for Relief:* An injunction prohibiting AAL from using any integrated seniority list arising from the SLI process. |
| 4. | Plaintiffs' costs of suit and reasonable attorney fees. |
| 5. | Such other and further relief the Court may deem appropriate on the evidence presented. |

Dated:  July 6, 2015.                    KATZENBACH LAW OFFICES


                                        By     s/ Christopher W. Katzenbach
                                            Christopher W. Katzenbach
                                        Attorneys for Plaintiffs AMERICAN AIRLINES
                                        FLOW-THRU PILOTS COALITION and
                                        GREGORY R. CORDES, on behalf of themselves
                                        and all others similarly situated

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues and claims for relief in this action.

Dated: July 6, 2015                KATZENBACH LAW OFFICES

By  s/ Christopher W. Katzenbach
    Christopher W. Katzenbach
 Attorneys for Plaintiffs AMERICAN AIRLINES FLOW-THRU PILOTS COALITION and GREGORY R. CORDES, on behalf of themselves and all others similarly situated

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF