1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9

10   AMERICAN AIRLINES FLOW-THRU
     PILOTS COALITION, et al.,                    Case No.  15-cv-03125-RS

11                 Plaintiffs,

12         v.                                     **ORDER DENYING MOTION FOR
                                                  RECONSIDERATION**
13   ALLIED PILOTS ASSOCIATION, et al.,

14                 Defendants.

15

16         The motion for summary judgment brought by defendant Allied Pilots Association

17   ("APA") was granted with respect to all matters alleged in the complaint other than those relating

18   to "Letter G" of the 2015 collective bargaining agreement.  As to the determination that the so-

19   called "Letter G" claims could go forward, APA seeks reconsideration on the sole ground that, in

20   its view, plaintiffs did not meet their burden to show a triable issue of fact as to causation.

21   Specifically, APS argues that plaintiffs presented no direct evidence that American Airlines would

22   have agreed to extend "LOS credits" to them, even had APA negotiated for such a benefit, and

23   that the Court failed adequately to take into account the unusually high burden for establishing

24   causation reflected in *Acri v. International Assoc. of Machinists & Aerospace Workers*, 781 F.2d

25   1393 (9th Cir. 1986) and *Ackley v. Western Conference of Teamsters*, 958 F.2d 1463 (9th Cir.

26   1992).

27         In response, plaintiffs argue, among other things, that *Acri* and *Ackley* are inapplicable here

28   as neither involved alleged discriminatory conduct by the union.  As noted in *Bishop v. Air Line*

United States District Court
Northern District of California

1    *Pilots Ass'n, Int'l*, 1998 WL 474076, at \*17 (N.D. Cal. Aug. 4, 1998) that distinction is not

2    dispositive.  *Id.* ("While *Acri* and *Ackley* involved an alleged misrepresentation and an alleged

3    nondisclosure, respectively, nothing in those decisions suggests that the causation requirement

4    stated therein was limited to misrepresentation cases.")  That said, the concurring opinion in *Acri*

5    pointed out that the plaintiffs in that case were arguing the union could have achieved a better

6    result than the agreement it reached with management to end a strike.  "Determining what would

7    have happened had a strike continued is far different from determining what would have occurred

8    had a matter been submitted to arbitration, or even what the result of good faith bargaining might

9    have been." *Acri*, 781 F.2 at 1399 (Rheinhardt, J., concurring).

10          Furthermore, the concurrence explained the *Acri* decision would preclude most claims of

11   the type before that court because,

> a union member can establish liability only if he can show that had
> the strike continued, the employer would have acceded to the
> union's requests. This is a fact that is ordinarily simply not
> susceptible of objective proof.

15   *Id.*

16          Moreover, in *Acri,* "counsel for plaintiffs frankly acknowledged he would be unable to

17   offer such proof."  *Id.*  This case, in contrast, does not involve a strike, or speculation that

18   management might have offered better terms had a strike continued.  *See, id.*, ("[i]t will almost

19   always be far too speculative to attempt to show that an employer who has agreed to a particular

20   collective bargaining agreement following a strike would have granted one or more specific

21   additional benefits had the strike continued for a while longer.")  Rather, here the question is what

22   the result of good faith bargaining might have been, on behalf of a subset of union members who

23   are claiming the agreement discriminates against them without adequate justification.  Plaintiffs

24   certainly have not conceded they will be unable to prove their case.

25          As acknowledged in the summary judgment order, plaintiffs undoubtedly "face an uphill

26   battle to show that American would have agreed to extend LOS credit to them had the Union

27   pursued it."  It is also true that plaintiffs offered no direct evidence that American would have

28

United States District Court
Northern District of California

1    acceded to such demands.  Both sides, however, essentially relied on arguments as to what

2    inferences could reasonably be drawn from all the circumstances.  While APA proffered

3    compelling explanations as to why pilots in the position of plaintiffs had never received LOS

4    credit in the past and therefore likely would not have been given it in this instance, plaintiffs

5    showed how arguments could have been made that extending LOS credit to them under the

6    circumstances here would have been equitable and appropriate.   Although the question was close,

7    the record did not permit a determination as a matter of law that plaintiffs cannot meet their

8    burden to show causation.  There has not been a showing that standards for reconsideration of that

9    conclusion have been satisfied.[1]

10        Accordingly, the motion for reconsideration is denied.  APA's letter brief request for a

11   discovery protective order pending reconsideration is denied as moot, however the parties are

12   expected to cooperate in stipulating to a reasonable extension of time for APA to provide

13   discovery responses, should it be necessary.  Within 20 days of the date of this order, the parties

14   shall provide an updated joint proposal for providing notice to the class and otherwise managing

15   further proceedings in this litigation.

16

17   **IT IS SO ORDERED**.

18

19   Dated: September 16, 2016

20                                          RICHARD SEEBORG
                                            United States District Judge
21

22

23

24

25   [1] There was no "manifest failure to consider" either law or facts.  As explained above, while APA
     is correct that *Acri* and *Ackley* support imposing a high burden on plaintiffs, neither decision goes
     as far as APA suggests to make causation nearly unprovable, at least outside the strike context.
26   Similarly, while APA disagrees with the Court's reading of the factual record, it has pointed to
     nothing that was simply overlooked.  Finally, neither side has shown a basis to reopen the record
27   and consider additional evidence that was not previously presented.

28

United States District Court
Northern District of California