# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AIRLINES FLOW-THRU PILOTS COALITION, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED PILOTS ASSOCIATION, et al., <br><br> Defendants. | Case No. 3:15-cv-03125-RS (KAW) <br><br> **ORDER REGARDING 8/31/17 JOINT LETTER** <br><br> Re: Dkt. No. 93 |

On August 31, 2017, the parties filed a joint letter concerning Plaintiff's responses to certain written discovery. (Joint Letter, Dkt. No. 93.) Specifically, Defendant Allied Pilots Association claims that Plaintiffs did not fully produce documents, including emails, responsive to all of its requests for production of documents, and that Plaintiffs did not verify their responses to Defendant's first set of interrogatories. (Joint Letter at 1.) The case was referred to the undersigned for discovery on October 2, 2017.

As an initial matter, Federal Rule of Civil Procedure 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Additionally, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Thus, all Plaintiffs must individually verify responses in order to avoid a situation where one plaintiff could later claim that the responses were inaccurate. The Court is concerned that this was even an issue, because it would not be a hardship for the named plaintiffs to independently verify their joint responses. Thus, all plaintiffs must verify the interrogatory responses within 7 days of this order.

Additionally, the Court is unable to resolve the disputes concerning all requests for production of documents, because the parties have not narrowed the scope of the dispute to clearly

address specific requests nor have they provided the Court with the allegedly deficient responses. At first blush, however, Plaintiffs' interpretation of what constitutes a responsive document appears too narrow, while Defendant's position that Plaintiffs are required to respond to "contention requests" and identify documents that have already been produced or are in Defendant's possession may be unduly burdensome and not proportional to the needs of the case under Rule 26. Accordingly, the parties are ordered to meet and confer in an attempt to resolve the pending dispute without court intervention, and shall consider the Northern District's Guidelines for the Discovery of Electronically Stored Information and ESI checklist (available at *http://cand.uscourts.gov/eDiscoveryGuidelines*) during their meet and confer efforts. If those efforts fail to fully resolve all issues of contention, the parties shall jointly write and file a letter outlining any remaining disputes in the format outlined in the Court's Standing Order:

**A. Request No. 3**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response or position is deficient and the relief requested.]

Plaintiffs' Position

[Plaintiffs' rationale as to how they have fully responded to the request, etc.]

**B. Request No. 4**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response or position is deficient and the relief requested.]

Plaintiffs' Position

[Plaintiffs' rationale as to how they have fully responded to the request, etc.]

(*See* Judge Westmore's General Standing Order ¶ 13.) Compliance with the format provided will

facilitate the Court's resolution of any remaining disputes, as the parties will be addressing the same issues.  Additionally, for each disputed request, the parties should address Rule 26's proportionality requirement.

IT IS SO ORDERED.

Dated: October 6, 2017

KANDIS A. WESTMORE
United States Magistrate Judge