UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AIRLINES FLOW-THRU PILOTS COALITION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PILOTS ASSOCIATION, et al.,<br><br>Defendants. | Case Nos. 15-cv-03125-RS<br>17-cv-01160-RS<br>18-cv-03682-RS<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS REQUESTING ISSUANCE OF ORDERS TO SHOW CAUSE** |

Former plaintiffs' counsel in these three related actions filed a notice of lien in each case, claiming an entitlement to be paid the reasonable value of their services, and to be reimbursed for costs advanced, from any settlement or judgment in plaintiffs' favor. Plaintiffs request orders issue requiring former counsel to show cause why the lien notices should not be stricken.[1]

Where, as here, a fee agreement contemplates the attorney is to look to the judgment for payment for legal services rendered, California law provides that a lien arises, whether or not a notice of lien is filed. *See Carroll v. Interstate Brands Corp*., 99 Cal. App. 4th 1168, 1172 (2002) ("an attorney's lien is a 'secret' lien; it is created and the attorney's security interest is protected even without a notice of lien."). Merely striking the *notices* of the claimed liens would therefore have no effect on the underlying security interests.

---

[1] Although presenting the matter by a stipulation or a motion to shorten time under Rule 6 rather than as a Rule 7-11 administrative motion might have been more procedurally correct, former counsel has had an opportunity to respond and is not prejudiced.

Plaintiffs appear, however, to be seeking a determination that the lien claims are invalid and that their former attorneys are entitled to no fees, or at that they are at most entitled to recover the reasonable value of their services, and not the one-third of any recovery specified in the retainer agreement.[2] There is no jurisdiction in this action, however, to adjudicate the substantive validity of former counsel's claimed liens.

> The trial court does have fundamental jurisdiction over the subject matter and over the parties. Nevertheless, because the attorney is not a party to the underlying action and has no right to intervene, the trial court acts in excess of its jurisdiction when it purports to determine whether the attorney is entitled to foreclose a lien on the judgment. Nor can the court entertain a motion to terminate the lien. After the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it. An order within the underlying action purporting to affect an attorney's lien is void.

*Carroll*, 99 Cal. App. 4th at 1173.[3]

Accordingly, the requests for orders to show cause are denied.

**IT IS SO ORDERED**.

Dated: August 30, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[2] As noted, each lien notice expressly only asserts a "reasonable value" claim, plus entitlement to reimbursement for advanced costs.

[3] Although *Carroll* is a state court decision and the present cases were brought under federal question jurisdiction, the lien issues sound in state law and there is no reason that the result should be different in federal court.